**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **PLAINTIFF,** | : | |
| | | **CASE No. 2:14-CR-165** |
| **vs.** | : | |
| | | **JUDGE ALGENON MARBLEY** |
| **WESLEY R. PUCKETT,** | : | |
| **DEFENDANT.** | : | **SENTENCING MEMORANDUM** |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

The United States hereby submits the following memorandum in aid of sentencing for the

Court's consideration.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Michael J. Hunter
MICHAEL J. HUNTER (0076815)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
michael.hunter@usdoj.gov

1

**MEMORANDUM**

This memorandum has been prepared, in part, to explain the United States' position that, while the guidelines were properly calculated by the Probation Department, due to the particular facts of this case – and particularly the fact that the 15 year-old minor represented his/herself to be above the age of consent under Ohio law – the sentencing guidelines somewhat overstate the seriousness of some aspects of this offense.  The United States writes here to recommend a lengthy sentence of incarceration above the mandatory-minimum of 60 months and a low-end advisory guideline range of 97 month, followed by 5 years of supervised release.   Because there are no objections to the guideline calculations or the underlying facts of the case, the United States writes only to address the policy arguments regarding the seriousness of this offense and the 18 U.S.C. § 3553(a) factors.

I.      **ANALYSIS OF THE SENTENCING FACTORS**

Courts are directed to impose a sentence sufficient, but not greater than necessary, to meet the goals of sentencing set forth in 18 U.S.C. § 3553(a).   In determining the particular sentence to be imposed in the case of any defendant, the Court is directed to consider the seven factors listed in 18 U.S.C. § 3553(a)(1)-(7).   Each of those factors as they apply to this case are discussed below.

      A.      **18 U.S.C. § 3553(a)(1) and (2):   The Nature and Circumstances of the Offense and the history and Characteristics of the Defendant**.

**Nature and Circumstances of Offense**:

The United States represents to the court that based on the evidence know to the government, aspects of this case appear at a first glance to be somewhat more serious than a closer look at the evidence warrants, particularly with regard to the 5 level increase for distribution of images of child pornography to a minor.  While the PSR writer is technically correct that Mr.

Puckett did distribute images of child pornography to the minor at issue in this case, this fact is mitigated, in the view of the United States, by the fact that the evidence in the case established that the minor child affirmatively misrepresented the minor's age to Mr. Puckett, representing the minor's age to be 17 years old rather than the actual age of 15 years old.

The significance of this fact, is that if believed by Mr. Puckett, it would mean that minor he was communicating with was above the age of legal consent under Ohio law.   While this does not relieve the defendant from criminal liability for the distribution of the images to a minor, the fact that Mr. Puckett believed the minor was above the age of sexual consent under Ohio law significantly mitigates the seriousness of that conduct and possibly provides the Court with a basis for a downward-deviation from the advisory guideline range.

**History and Characteristics of the Defendant:**

Probation has recommended, and the United States does not dispute, a Criminal History Category of I.   By virtue of his placement in Category I, his lack of a criminal record has already been taken into account and a benefit has been provided to Mr. Puckett.  See United States v. Borho, 485 F.3d 904, 912-13 (6th Cir. 2007) (explaining that a defendant's lack of prior criminal history does not provide extraordinary circumstances justifying deviation because it was already taken into account when in calculating the   applicable Guidelines range).  See also United States v. Todd, 920 F.2d 399, 408 (6th Cir. 1990) (noting that the absence of a criminal record is taken into account by the sentencing guidelines and is not basis for departure below a guideline range). Thus, Mr. Puckett's lack of a criminal record does not in itself provide a basis for a departure or deviation from the applicable guideline range in this case.

**B.     18 U.S.C. § 3553(a)(2):   The need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the defendant; and (D) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.**

**The seriousness of the offense**:

The statutory maximum penalty for interstate transportation of child pornography is punishable by up to 20 years of incarceration, with the mandatory-minimum sentence of 60 months of incarceration for the transportation of even *a single image*.  This is therefore unquestionably a serious offense, punishable only through a sentence of a significant period of incarceration.

**Specific and General Deterrence:**

A lengthy sentence of incarceration will hopefully deter Mr. Puckett from future acts of child pornography possession and transportation as well as deter other potential defendants by sending a clear message: Individuals who engage in this criminal conduct in the Southern District of Ohio are going to face the lengthy prison sentences envisioned by Congress and anticipated by the Sentencing Commission when the child pornography guidelines were amended.

**Protection of the public:**

In addition to his incapacitation by the lengthy sentence of incarceration anticipated by the sentencing guidelines, as well as a minimum-mandatory period of 60 months supervised release, Mr. Puckett will also be required to continue to register as a sex offender and to allow monitoring software to be installed on any computer at the direction of the probation department.   Therefore, any potential danger Mr. Puckett posed to the public will be hopefully be significantly mitigated by a lengthy period of incarceration and an extended period of supervised release with the special

conditions recommended to by probation.

**Training, medical care and correctional treatment**:

If Mr. Puckett is willing to participate, the United States urges the Court to recommend Mr. Puckett be placed into a facility which provides sex offender treatment.   There are a number of Bureau of Prison institutions which provides Sex Offender Management Program (SOMP) or Sex Offender Treatment Programs (SOTP).   The only residential SOMP is located at FMC Devens in Massachusetts, and upon information and belief, is limited to 112 bed spaces.   However, the BOP also has non-residential SOTPs at FCI Elkton (OH), USP Marion (IL), USP Tucson (AZ), FCI Seagoville (TX), FCI Petersburg (VA), and FCI Marianna (FL), which provide 6 month non-residential treatment programs. The United States urges the Court to recommend Mr. Puckett be placed at one these facilities.

**C.      3553(a)(3)and (4):   Kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines**

**Kind of sentences available**

18 U.S.C. § 2252 provides for a sentence of up to a mandatory-minimum 60 months of incarceration, up to 20 years of incarceration.  Even if the Court accepts the United States' recommendation that the 5 levels for distribution to a minor may not be warranted in this case, Mr. Puckett's adjusted final guideline score of 30 and Criminal History Category I, if accepted by the Court, would still correspond to a Zone D sentence of 97-121 months, where the Sentencing Commission recommends a period of incarceration.

**The sentencing range established by for the offense**:

The United States does not dispute the Probation Department's determination that the application of the sentencing guidelines results in range of 168-210 months incarceration, but argues here that a sentencing guideline range of 97-121 months more accurately reflects the defendant's conduct in this case.   A sentence between the mandatory-minimum sentence of 60 months incarceration and the low end of the adjusted advisory guideline range of 97 months incarceration, would seem to the United States to be a sentence that was sufficient but not greater than necessary on the particular facts of this case.

**D.      Imposition of Period of Supervised Release**

18 U.S.C. § 3583(k) provides that "the authorized term of supervised release . . . for any offense under section . . . 2252 . . . is any term of years not less than 5, or life." The United States agrees with the Probation Department's recommendation that the imposition of five years supervised release is appropriate in this case.

**E.      18 U.S.C. § 3553(a)(6) and (7):   The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.**

**The need to avoid unwarranted sentencing disparities.**

The United States argues that a lengthy sentence of incarceration between the mandatory-minimum sentence of 60 months incarceration and the low end of the adjusted advisory guideline range of 97 months incarceration would be consistent with the seriousness Congress has ascribed to the offense of interstate transportation of child pornography as reflected in the guidelines promulgated by the Sentencing Commission.   Adherence to near the sentencing guidelines in these cases will avoid unwanted sentencing disparities.

**Restitution**

The United States does not seek restitution in this case.

## CONCLUSION

The United States respectfully recommends that the Court sentence Mr. Puckett to a lengthy period of incarceration between the mandatory-minimum sentence of 60 months incarceration and the low end of the advisory guideline range of 97 months incarceration, followed by a 5 year term of supervised release.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Michael J. Hunter
MICHAEL J. HUNTER (0076815)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Michael.Hunter@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically on January 20, 2014, upon counsel for Mr. Puckett, George Wolfe, Esq.

s/Michael J. Hunter
MICHAEL J. HUNTER
Assistant United States Attorney